UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

TAREK IBRAHIM,

                Plaintiff,

CONFIDENTIALITY ORDER
20-cv-05967 (ENV) (PK)

-against-

Z RESTAURANT, DINER AND LOUNGE, INC.,
ADAM FATHELBAB, and ADEL FATHELBAB
-------------------------------------------------------------------------X

It is hereby ordered that the following provisions shall govern the confidentiality of any income-related information set forth on plaintiff's Medicaid records, as disclosed to the parties following an *in camera* review by the Court of records that were filed under seal by the New York City Human Resources Administration/Department of Social Services on October 27, 2021.

Any disclosed income-related information set forth on plaintiff's Medicaid records is designated as "Confidential".

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as "confidential" specific portions of the transcript which contain confidential matters pertaining to any disclosed income-related information set forth on plaintiff's Medicaid records. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential

information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The "confidential" portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

Any disclosed income-related information set forth on plaintiff's Medicaid records shall be disclosed only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review this information for the prosecution or defense of this lawsuit.

Notwithstanding anything contained in this Confidentiality Order, the Defendants do not waive any right to seek the admission and use of any documentation deemed "confidential" by this Confidentiality Order, in any other action, lawsuit, or matter, in which the plaintiff is a named party, proposed witness, or in which the Medicaid records are relevant to claims made therein.

Each person who is permitted to see any disclosed income-related information set forth on plaintiff's Medicaid records shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see any disclosed income-related information set forth on plaintiff's Medicaid records, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A.

Review of any disclosed income-related information set forth on plaintiff's Medicaid records by counsel, experts, or consultants for litigants in the litigation shall not waive the confidentiality of this information.

The inadvertent, unintentional, or *in camera* disclosure of any income-related information set forth on plaintiff's Medicaid records shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should also be designated as "confidential," the party may so designate by apprising all parties in writing and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as "confidential" under this Order.

If a party believes that a document designated or sought to be designated "confidential" by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

Within a reasonable period after the conclusion of all litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: December 2, 2021     Counsel for Tarek Ibrahim

*Jared E. Blumetti*
_____
Jared E. Blumetti


Dated: December 2, 2021     Counsel for Z Restaurant, Diner & Lounge, Inc.

*Vincent Romano*
_____
Vincent Romano


Dated: December 2, 2021     Counsel for Adel Fathelbab & Adam Fathelbab

*Maxwell Rubin*
_____
Maxwell Rubin

**SO ORDERED:**

Dated: Brooklyn, New York
       December ___, 2021

_____
PEGGY KUO
United States Magistrate Judge

## EXHIBIT A

I have been informed by counsel any disclosed income-related information set forth on plaintiff's Medicaid records, disclosed to me in connection with the matter entitled: Tarek Ibrahim v. Z Restaurant, Diner & Lounge, Inc. et al. has been designated as "confidential." I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____          Dated:_____
[Signature]


Signed in the presence of:

_____
(Attorney)