UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TAREK IBRAHIM,                                              :
                                                            :
                              Plaintiff,      :
                                               :       MEMORANDUM & ORDER
       -against-                                          :
                                               :       20-CV-05967 (ENV) (PK)
Z RESTAURANT, DINER AND LOUNGE, INC.,                       :
ADEL FATHELBAB, and ADAM FATHELBAB,                         :
                                                            :
                            Defendants.     :
------------------------------------------------------------ x
VITALIANO, D.J.

       On December 8, 2020, plaintiff Tarek Ibrahim ("Tarek") commenced this action against defendants Z Restaurant, Diner and Lounge, Inc. ("Z Restaurant"), Adel Fathelbab ("Adel"), and Adam Fathelbab ("Adam"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Compl., Dkt. No. 1. Defendants filed a motion for partial summary judgment on September 15, 2022. Mot., Dkt. No. 37-11. That motion was referred to Magistrate Judge Peggy Kuo. On February 7, 2025, Magistrate Judge Kuo issued a report and recommendation (the "R&R") recommending that defendants' motion be denied in full. R&R, Dkt. No. 40. In response, defendants timely filed an objection to the portion of the R&R recommending the denial of their motion for summary judgment on plaintiff's retaliation claims under FLSA and NYLL. Defs.' Obj., Dkt. No. 43.

       For the following reasons, the Court overrules defendants' objection and adopts the R&R in its entirety as the opinion of the Court.

Background[1]

In or around January 2017, Tarek was hired to be the night-shift kitchen manager for Parkview Diner, a restaurant owned and operated by Adel and Adam, a father-and-son team, through the corporate entity known as Z Restaurant. Adam Decl., Dkt. No. 37-9, at ¶¶ 1-2; Adel Dep. Tr., Dkt. No. 38-5, at 8:11-9:7. While it is undisputed that Tarek remained employed at Parkview Diner until March 2020, *see* Adam Decl. ¶ 4; Pl.'s Resp. to Defs.' Interrogs. No. 13, Dkt. No. 38-10, the circumstances surrounding Tarek's departure from Parkview Diner are vigorously disputed by the parties.

For his part, Tarek fires off a barrage of charges that are not always internally consistent. For example, Tarek contends that he was terminated due to complaints he had made concerning his wages. *See* Tarek Dep. Tr., Dkt. No. 38-4, at 100:7-12. He claims to have complained to Adel and Adam about their failure to pay him minimum wage and to compensate him for overtime on three separate occasions in February and March 2020. Pl.'s Resp. to Defs.' Interrogs. No. 10. But he also denied making any minimum wage complaints in his deposition. Tarek Dep. Tr. 96:16-97:5. Tarek makes other claims as well that are less clearly related to his wage and hour grievances. Specifically, Tarek testified in his deposition that around the time his employment ended, he had demanded that Adel return to him all the money that Adel had allegedly been deducting from his paychecks and investing on his behalf in a new, and possibly fictitious, business venture. *Id.* at 55:20-57:15, 79:22-80:15. Soon after making all of these complaints, according to Tarek, he was fired by Adel, who informed him that he was no longer "welcome" at Parkview Diner. *Id.* at 72:5-7. Tarek allegedly told Adel during a follow-up phone call that same day that

---

[1] The facts set forth here are drawn from the declarations, exhibits, and Rule 56.1 statements and counterstatements of fact submitted by the parties.

he felt like he was being treated like a "criminal." *Id.* at 80:24-81:7.

Adel and Adam enter the fray with a starkly different story. They claim that they never fired Tarek, who, they say, left on his own accord. *See* Adel Dep. Tr. 149:21-24. They do acknowledge, however, that due to the financial hardship created by the societal restrictions imposed during the COVID-19 pandemic, they could not continue his employment on the same terms as before. *See* Adam Dep. Tr., Dkt. No. 38-6, at 102:19-103:8. At no time prior to the COVID-19 pandemic, they assert, did Tarek ever complain about wages during his tenure at the Parkview Diner. *Id.* at 91:2-92:15; Adel Dep. Tr. 130:3-132:7. Not missing a beat, Adel and Adam say that they, following the onset of the COVID-19 pandemic, offered to continue Tarek's employment at a reduced rate of pay but that Tarek declined their offer and decided to leave to collect Medicaid benefits. Adel Dep. Tr. 139:13-140:5. In fact, rather than the acrimonious parting of ways that Tarek describes, Adel alleges that Tarek gave Adel a thermometer as a gift after his departure because Adel had told Tarek that he had COVID and could not find a thermometer anywhere. *Id.* at 142:14-18, 146:21-147:7.

Legal Standards

When reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of any objections, the district court need only be satisfied that there is no clear error on the face of the record. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). However, where an objection has been made to any of the magistrate judge's findings or recommendations, the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). To be proper, objections must be timely and specific.

3

*Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). While an objection may of course "repeat arguments that were previously raised," objections that are "nonspecific or merely perfunctory responses" are improper and accordingly reviewed only for clear error. *Id.* at *4-5 (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)) (internal quotation marks omitted). In addition, objections "generally may not raise new arguments not previously made before the magistrate judge." *Id.* at *3.

On *de novo* review of a summary judgment motion, the Court must resolve all ambiguities and draw all permissible factual inferences in the light most favorable to the non-moving party. *See Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). The Court will grant summary judgment only in the absence of a genuine dispute as to material fact and upon a showing that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Discussion

In their singular objection, Adel and Adam focus on the R&R's recommendation that their motion for summary judgment on Tarek's retaliation claims under FLSA and NYLL be denied. Having conducted a *de novo* review, the Court concludes that this objection cannot be sustained, as there is a genuine dispute as to the material facts underlying Tarek's retaliation claims.

"Because the FLSA and NYLL retaliation provisions are 'nearly identical,' claims under both statutes are analyzed using the same" three-step framework. *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 1:20-CV-02180 (AMD)(PK), 2022 WL 1018791, at *9 (E.D.N.Y. Mar. 16, 2022) (quoting *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 471 n.18 (S.D.N.Y. 2008)). To satisfy the first of those steps, a plaintiff must establish a prima facie case "by showing (1) participation in protected activity known to the defendant . . . ; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and

4

the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Then, "the burden shifts to the defendant to articulate a 'legitimate, non-discriminatory reason for the employment action.'" *Id.* (quoting *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 (2d Cir. 2000)). Lastly, if the defendant meets this burden, the burden shifts back to the plaintiff to make a showing that the defendant's proffered reason is simply a pretext for taking the adverse action. *Id.* at 53-54. Here, there are triable issues of material fact as to each part of the prima facie case that Tarek must make at the first step of the framework. Even when filtered through the remaining two steps of the framework, there is a genuine dispute of material fact between the parties' versions of events, thereby making summary judgment inappropriate.

As to Tarek's prima facie case, there is a factual dispute right at the start as to whether Tarek made any "protected complaints." To qualify as a "protected complaint," the complaint in question must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Pierre v. Air Serv Sec.*, No. 14 CV 5915 (MKB) (ST), 2016 WL 11396816, at *11 (E.D.N.Y. July 28, 2016) (quoting *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013)) (internal quotation marks omitted). While "mere 'abstract grumblings' will not pass muster," an "explicit invocation" of the relevant statutes or "illegality" is unnecessary. *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 112-13 (S.D.N.Y. 2015) (quoting *Valerio v. Putnam Assocs., Inc.,* 173 F.3d 35, 44 (1st Cir.1999)). Whether Tarek's final complaint about his "investment" was sufficiently clear to count as a "protected complaint" is debatable. But the three other complaints that Tarek allegedly made in February and March 2020 would certainly meet the criteria for

5

"protected complaints" if the description Tarek provides in his interrogatory responses is accurate.[2] Since Adel and Adam contest the factual existence of each of these three complaints, *see* Adel Dep. Tr. 130:3-132:7; Adam Dep. Tr. 91:2-92:15, a genuine dispute of material fact exists as to this element of Tarek's prima facie case.

Similarly, there is a genuine dispute of material fact as to whether an adverse employment action occurred. Courts consider this part of the prima facie case satisfied when a retaliatory action "'might have dissuaded a reasonable worker' from bringing complaints similar to those lodged by the plaintiff." *Dunn*, 143 F. Supp. 3d at 114 (quoting *Mullins*, 626 F.3d at 53). "Termination is undoubtedly an adverse employment action." *Perry*, 2022 WL 1018791, at *10. While Tarek contends that he was fired, *see* Tarek Dep. Tr. 72:5-7, 101:3-15, Adel and Adam maintain that Tarek left voluntarily after declining their offer to stay on at a decreased salary, *see* Adel Dep. Tr. 139:13-140:5. Consequently, a genuine dispute of material fact remains as to this facet of Tarek's prima facie case as well.

Furthermore, there is a genuine dispute of material fact as to whether a causal connection exists between Tarek's complaints and his termination. Generally, a causal connection can be established through: (1) "evidence of retaliatory animus directed against a plaintiff by the defendant"; or (2) a "showing that the protected activity was closely followed in time by the adverse action." *Mullins*, 626 F.3d at 53 (first quoting *Johnson v. Palma,* 931 F.2d 203, 207 (2d Cir. 1991); and then quoting *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,* 842 F.2d 590, 593 (2d Cir. 1988)) (internal quotation marks omitted). On the one hand, Tarek alleges

---

[2] The only time Tarek ever refers to these three other complaints is in his interrogatory responses. Pla.'s Resp. to Defs.' Interrogs. No. 10. In their objection, Adel and Adam raise for the first time a concern about the validity of Tarek's interrogatory responses. Defs.' Obj. 5. Because Adel and Adam could have made this argument before the magistrate judge but failed to do so, the Court will not consider it now. *See Nambiar*, 2025 WL 3007285, at *3.

6

that his unwarranted termination came scarcely a month after he first started making complaints in February 2020 and that Adel's tone during the conversation about Tarek's termination was markedly hostile.  Pl.'s Resp. to Defs.' Interrogs. No. 10; Tarek Dep. Tr. 72:5-7, 80:24-81:7.  On the other hand, Adel claims that the exchange about Tarek's departure was nothing but cordial and that Tarek even brought him a thermometer as a gift shortly afterwards.  Adel Dep. Tr. 146:21-147:7.  Given this conflict in the two accounts, there is also a genuine dispute of material fact as to this part of Tarek's prima facie case.

Finally, viewed through the filter of the remaining two steps of the analytical framework, there is a genuine dispute of material fact as to whether the justification given by Adel and Adam for ending Tarek's employment was true or simply a sham.  Whereas Adel and Adam insist that Tarek's departure was due to the exigent business circumstances presented by the COVID-19 pandemic, *see* Adam Dep. Tr. 102:19-103:14, Tarek, not implausibly, asserts that the economic downturn caused by the pandemic was just an easy excuse that Adel and Adam seized upon to cover up the real reason for his termination, *see* Tarek Dep. Tr. 74:19-75:7, 100:7-12.  Once again, therefore, a genuine dispute of material fact exists that cannot be resolved at the summary judgment stage.

Since Adel and Adam did not object to any of the R&R's other recommendations and findings, the remainder of the R&R is reviewed for clear error.  In accordance with the applicable clear-error standard of review, *see Dafeng*, 54 F. Supp. 3d at 283, the Court has undertaken a careful review of the remainder of the R&R, which recommends the denial of the rest of defendants' summary judgment motion, and has found it to be correct, well-reasoned, and free of any clear error.  The Court, therefore, adopts it as the opinion of the Court.

Conclusion

For the reasons stated above, the Court adopts Magistrate Judge Kuo's R&R in its entirety as the opinion of the Court.  The parties are referred to Magistrate Judge Kuo for the further pretrial management of this case.

So Ordered.

Dated: Brooklyn, New York
       November 4, 2025

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge